IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UCHE C. EKEH,**

    Plaintiff,

    v.

**ID: 18221679031, et al.,**

    Defendants.

CASE NO. 3:25 CV 1762

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Uche C. Ekeh filed this action against "ID: 18221679031" and "ASIN: BODHJ9RQ81." (Doc. 1, at 1). The body of the Complaint, in its entirety, reads: "The plaintiff Uche C. Ekeh asks the Court first, to restore ownership of intellectual property rights which was misappropriated by defendant to me. Accordingly, compel defendant, by the power and wisdom of the Court, to pay financial damages, determined by the Court, to the plaintiff and his family for the length of time the defendant perpetrated this evil scheme." *Id.* at 5. He attaches a copy of an email from Amazon appeals and pictures of books listing him as the author. *Id.* at 7-10. The email suggests that Plaintiff filed a complaint with Amazon regarding the sale of his books on their digital platform. *See id.* at 7. Amazon assigned the complaint a reference number, "ID: 18221679031 ASIN: BODHJ9RQ81." *Id.* In response the complaint, Amazon informed Plaintiff that it would allow one of his books to become accessible on the website unless Plaintiff provided them with notice that a lawsuit had been filed against "the counter-noticing party" within ten business days. *Id.* The email also suggests the lawsuit should be filed in the Federal District Court for the judicial district in which his address is located. *Id.* Plaintiff appears to have attempted to do so with this lawsuit. *See* Doc. 1, at 1 (listing Plaintiff's address in Toledo, Ohio). However, he

does not allege any facts nor does he identify a cause of action in this Complaint. *See generally id.* For relief, Plaintiff asks the Court to "[a]dvise Amazon to assist the plaintiff and other aggrieved parties to bring suits in the future against other bad actors to Court who use their platform to market and profit from books written by authors." *Id.* at 5.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). He indicates he earns $1,600 per month in retirement benefits and his spouse earns $1,300.00 per month from employment and retirement, making their total monthly income $2,900.00 per month. *Id.* at 1. Absent unique circumstances, this exceeds the monthly income that federal courts generally consider to demonstrate pauper status.[1] Furthermore, Plaintiff lists his monthly expenses as $545.00. If this information is "true and correct" as Plaintiff attested under penalty of perjury with his signature on the Application, he and his spouse would have approximately $2,355.00 left each month after paying bills from which they could pay the $405.00 filing fee. The Application to Proceed *In Forma Pauperis* (Doc. 2) is denied.

Generally, the Court would allow a litigant thirty days in which to pay the filing fee to continue with this action; however, Plaintiff's Complaint is so lacking in crucial information that it fails to establish this Court's subject matter jurisdiction. The Court is required to construe a *pro se* Complaint liberally and hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no

---

1. The United States Courts guidelines suggest monthly income at or below $2,643.75 for a two-person household. *See* https://www.uscourts.gov/sites/default/files/2025-01/ifp-monthly-poverty-guidelines-2025.pdf

longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also authorized where the asserted claims lack an arguable basis in law necessary to invoke subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 320 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

It appears from the email attachment to the Complaint that Plaintiff filed this action solely because Amazon told him he would have to file a lawsuit in federal court or they would reinstate his book and make it accessible for sale on their website. He, however, did not identify a Defendant, a legal cause of action, factual allegations supporting the legal cause of action, or a prayer for relief that would redress his injury. All of these are required elements to meet the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. This Complaint fails meet these requirements and in doing so fails to establish a basis for this Court's subject matter jurisdiction. *See Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, DENIED. No further documents will be accepted in this case unless Plaintiff first pays the full filing fee of $405.00; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                     s/ *James R. Knepp II*
                                      UNITED STATES DISTRICT JUDGE

                                      Dated: November 3, 2025